United States Court of Appeals
Fifth Circuit

**F I L E D**

September 17, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-30515
Summary Calendar

———————————————

HERBERT ALBERT PIERRE, JR.,

Plaintiff-Appellant,

versus

GREG G. GUIDRY, Judge, Division E of 24th
JDC Jefferson Parish; VINCENT PACIERA, Assistant
District Attorney, P. LINDSEY WILLIAMS, 24th Judicial
District Indigent Defender,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 03-CV-669-E
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Herbert A. Pierre, a Louisiana prisoner (# 321310), challenges the district court's denial of his application to proceed in forma pauperis ("IFP") on appeal. The court had dismissed Pierre's pro se, IFP complaint, purportedly filed under federal criminal statutes, as frivolous under 28 U.S.C. § 1915(e)(2)(B). By moving to proceed IFP on appeal, Pierre is challenging the district court's certification that he should not be granted IFP status

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because his appeal is not taken in good faith.  See <u>Baugh v. Taylor</u>, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

Pierre continues to urge that the defendants, a parish district judge, an assistant district attorney, and an indigent defender, be prosecuted under 18 U.S.C. §§ 241 and 242 for conspiring to violate his constitutional rights.  He does not seek monetary damages or any other civil relief, and he disavows any intention of seeking civil-rights relief under 42 U.S.C. § 1983.  As the magistrate judge concluded, Pierre has no right to bring a private action under federal criminal statutes.  See <u>Cort v. Ash</u>, 422 U.S. 66, 79 (1975); <u>Ali v. Shabazz</u>, No. 93-2495 (5th Cir. Oct. 28, 1993) (unpublished); 5TH CIR. R. 47.5.3.

Pierre has failed to show that his complaint presented nonfrivolous issues for appeal.  Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith.  Pierre's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous.  See <u>Baugh</u>, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal of his complaint as frivolous.  See <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996).  Pierre is cautioned that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under

2

imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

Pierre's conclusory motion or request for "immediate protection" is DENIED.

IFP DENIED; MOTION FOR "IMMEDIATE PROTECTION" DENIED; APPEAL DISMISSED AS FRIVOLOUS; THREE-STRIKES BAR WARNING ISSUED.